UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

BOUGAIN-VILLA OF BAY HARBOR
ISLANDS CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

ASPEN SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## COMPLAINT

BOUGAIN-VILLA OF BAY HARBOR ISLANDS CONDOMINIUM ASSOCIATION, INC. (the "Plaintiff"), hereby sues Defendant, ASPEN SPECIALTY INSURANCE COMPANY (the "Defendant"), and alleges as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages in excess of $75,000.00, exclusive of interest, attorney's fees and costs, and is otherwise within the jurisdictional limits of this Court.

2. The Plaintiff is a Florida Not For Profit Corporation, organized and existing under the law of Florida, qualified to do business in Florida, with its principal place of business in Miami-Dade County, Florida. Thus, Plaintiff is a citizen of the State of Florida for diversity purposes.

3. The Defendant is a North Dakota For Profit Corporation, organized and existing under the law of North Dakota, qualified to do business in Florida, with its principal place of business in Bismarck, North Dakota. Thus, Defendant is a citizen of the State of North Dakota for diversity purposes.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, *et seq*.

5. Venue is proper in the Southern District of Florida because the insurance policy contract at issue and which forms the subject matter of this lawsuit was executed in Miami-Dade County, Florida, the subject property is located in Miami-Dade County, Florida, and the Defendant have engaged in substantial and not isolated activity within Miami-Dade County, Florida, pursuant to 28 U.S.C. § 1391.

6. All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have been performed.

7. Additionally, Plaintiff provided its statutory pre-suit notice to Defendant on March 3, 2022, and complied with additional requests and inspection by Defendant, but Defendant failed to make a coverage determination within fourteen (14) business days of the inspection, in violation of Fla. Stat. § 627.70152.

## GENERAL ALLEGATIONS

8. At all times material hereto, in consideration of a premium paid by Plaintiff, there was in full force and effect a certain commercial property insurance policy issued by Defendant with a policy number of PB7529720 (the "Policy").

9. A copy of the policy that forms the basis of this Complaint is attached as Exhibit "A."

10. The policy has an inception date of July 7, 2020, and an expiration date of July 7, 2021, and it provides coverage for Plaintiff's properties at 1065 98th Street, in Bay Harbor Island, Florida (the "Property"). *Id.*

11. Under the terms of the Policy, Defendant agreed to provide insurance coverage to Plaintiff's Property against certain losses, including water damage.

12. On or about October 10, 2021, while the Policy was in full force and effect, the Property sustained a loss covered under the terms and conditions of the Policy due to water damage (the "Loss").

13. Shortly thereafter, Plaintiff reported the Loss to the Defendant, which substantially damaged multiple portions of the Property (ten apartments numbered 1 through 10), as detailed more specifically in the Plaintiff's agent's estimated repairs, and which will necessitate further loss of use of that property during the repair process. A copy of the detailed estimate specifying the areas of damage and areas which will need to be replaced pursuant to other code and law or ordinance requirements is attached hereto as Exhibit "B."

14. Defendant assigned claim number PB2170140272 and inspected the property at issue.

15. Subsequently, Defendant has failed to adequately compensate Plaintiff for the Loss, and it has failed to even provide the statutorily required coverage decision following their last pre-suit inspection, despite demand for same.

16. By its failure to issue a coverage decision and/or to tender an appropriate amount to Plaintiff to repair the property from the Loss covered under the terms and conditions of the Policy, Defendant has materially breached the terms and conditions of the Policy.

17. Plaintiff has suffered and continues to suffer damages resulting from Defendant's breach of the terms and conditions of the Policy.

## COUNT I
## BREACH OF CONTRACT

18. Plaintiff reincorporates paragraphs 1 through 17 as if fully set forth herein.

19. It is undisputed that Plaintiff and Defendant entered into a written contract, the Policy, wherein the Plaintiff agreed to pay a premium and in exchange Defendant agreed to insure the Property against certain covered losses like the water damage in the Loss at issue here.

20. Plaintiff has paid all premiums due and owing as contemplated by the Policy, thus, fully performing its obligations under the Policy.

21. Further, at all times material hereto, Plaintiff has substantially complied with all post-loss obligations in the Policy, including but not limited to: (i) promptly reporting the Loss to Defendant; (ii) providing all documents in their possession and control; and (iii) making the property available for inspection and reinspection.

22. To date, Defendant has failed to make a coverage determination for the Loss, in violation of Florida statutes, and despite demand.

23. Damage to the Property includes, but is not limited to, damage to the Property's interiors, drywall, and flooring, as documented by the parties' pre-suit inspections and the Plaintiff's supporting documentation, all resulting from a water overflow loss covered by the Policy.

24. Defendant has failed to properly indemnify Plaintiff for its losses stemming from the covered peril and Loss at the Property under the terms and conditions of the Policy.

25. As a result of the foregoing, Defendant has breached the terms and conditions of the Policy.

26. As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has sustained damages.

**WHEREFORE**, the Plaintiff, brings this action against Defendant, Certain Underwriters at Lloyd's London Subscribing to the Policy and National Fire & Marine Insurance Company, and requests the following relief:

1. Entry of judgment in its favor for all amounts to which its entitled to under the terms and conditions of the Policy;
2. An award of attorney's fees and costs pursuant to Florida law, Fla. Stat. Section 626.9373 and/or 627.70152, Florida Statutes;

3. An award of the costs of this litigation;

4. Pre-judgment and post-judgment interest; and

5. Such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as a matter of right. Dated this 7th day of November, 2022.

                                    **VARGAS GONZALEZ**
                                    **BALDWIN DELOMBARD, LLP**
                                    121 Alhambra Plaza, Suite 1140
                                    Coral Gables, FL 33134
                                    Tel: 305.631.2528
                                    Fax: 305.631.2741
                                    E-service: Service8@VargasGonzalez.com
                                    E-mail: Matthew@VargasGonzalez.com

By:   */s/ Matthew l. Baldwin*
          **Matthew L. Baldwin, Esq.**
          Fla. Bar No.: 27463